UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH VINCENT,<br><br>Plaintiff,<br><br>v.<br><br>BARTHOLOMEW COUNTY JAIL,<br>OLDHAM,<br>MATHIS,<br>ELLIOTT,<br>PITCHER,<br>TURNER,<br>MUNN,<br>CHRIS LANE,<br><br>Defendants. | ) | No. 1:26-cv-01659-JRO-CSW |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Joseph Vincent filed this civil rights complaint pursuant to 42 U.S.C. § 1983 while he was a pretrial detainee at Bartholomew County Jail, alleging that Defendants violated his Fourteenth Amendment right to due process of law by placing him in solitary confinement without a hearing. Dkt. 1. Because Vincent was a "prisoner" when he filed the complaint, the Court must screen his complaint before the case may proceed. 28 U.S.C. § 1915A(a), (c).

Additionally, the Court takes notice that its last order was returned as undeliverable since Vincent is no longer at the address listed on the docket. Dkt. 16. The Court notified Vincent of his obligation to update the Court with any address changes, including discharge from custody. Dkt. 4. Accordingly, Vincent is **ORDERED** to update his address by **November 6, 2026**. If Vincent fails to

meet the above deadline, **this action will dismissed** for failure to prosecute without further notice or opportunity to show cause.

## I. SCREENING STANDARD

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Vincent's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Vincent names the following as Defendants: (1) Bartholomew County Jail; (2) Ofc. Oldham; (3) Ofc. Mathis; (4) Ofc. Elliott; (5) Ofc. Pitcher; (6) Ofc. Turner; (7) Ofc. Munn; and (8) Sheriff Chris Lane. Dkt. 1.

On July 9, 2026, Vincent was transferred from general population in Bartholomew County Jail to a segregation unit because correctional officers claimed that he was the aggressor in a verbal argument with another inmate. *Id.* at 1. As of July 31, 2026, Vincent was still being held in the segregation unit without having had a write-up or a hearing. *Id.* In the segregation unit, he did not receive recreation, and he did not have access to natural light. *Id.* Vincent filed grievances and spoke to several correctional officers, including Ofc. Elliott, Ofc. Mathis, Ofc. Munn, Ofc. Pitcher, and Ofc. Turner, but no one did anything. *Id.* at 1–2. While in segregation, Vincent injured his knee, but he had no way to treat it because he could not move around in or outside of his cell. *Id.* at 2.

On information and belief, Vincent alleges that Sheriff Chris Lane has a practice of holding pretrial detainees in segregation without a disciplinary proceeding or a hearing. *Id.* at 2–3. While Vincent was held in segregation, he encountered another pretrial detainee who was being held without a disciplinary proceeding. *Id.* at 3.

Vincent suffered physical and mental injuries while being held in segregation. *See id.* at 2–3. He seeks monetary damages. *Id.* at 3.

## III. DISCUSSION OF CLAIMS

Vincent's allegations invoke the Fourteenth Amendment's Due Process Clause, which provides that State officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Here, Vincent alleges that correctional officers deprived him of liberty by placing him in segregation without due process of law. The Seventh Circuit has considered

"any nontrivial punishment of a person not yet convicted a sufficient deprivation of liberty to entitle him to due process of law." *Holly v. Woolfolk*, 415 F.3d 678, 679–80 (7th Cir. 2005). In general, the Due Process Clause does not confer a right to a pre-deprivation hearing in every case where a public officer deprives an individual of liberty or property. *Ellis v. Sheahan*, 412 F.3d 754, 758 (7th Cir. 2005); *see, e.g., Halligan v. Oldham*, No. 24-1481, 2025 WL 1289343, at *2 (7th Cir. May 5, 2025) ("[N]o process is due when a detainee is placed in segregation for nonpunitive reasons such as institutional safety or security."). However, "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002).

Applying the legal standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted. First, the Court **dismisses** claims against Bartholomew County Jail because it is a building and not a "person" that can be sued under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

Second, the Court **dismisses** claims against the individual correctional officers, Ofc. Oldham, Ofc. Mathis, Ofc. Elliott, Ofc. Pitcher, Ofc. Turner, and Ofc. Munn. Though the complaint alleges that Vincent complained to these officers about his placement in segregation, there are no allegations showing that any of the officers caused him to be placed in segregation or remain in

segregation. To state a claim under Section 1983, Vincent has to show that each Defendant was personally involved in violating his constitutional rights. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Specifically, "[t]he plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Est. of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right."). Thus, it is not enough to allege that Defendants were aware that Vincent was in segregation without a disciplinary hearing; they must have caused him to be placed or remain there.

Vincent's Fourteenth Amendment claim against Sheriff Chris Lane **shall proceed** as a *Monell* claim. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *Levy v. Marion Cnty. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019) (applying *Monell* to claim against Sheriff's Department)). At the pleading stage, Vincent has alleged that the Sheriff or the Sheriff's Office had a policy or practice of placing pretrial detainees in segregation without a hearing.

This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed. If Vincent believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through November 6, 2026,** in which to file a motion to reconsider the screening order.

**IV. CONCLUSION AND SERVICE OF PROCESS**

Fourteenth Amendment due process claims are proceeding against Sheriff Chris Lane under the *Monell* theory of liability. All other claims have been dismissed.

The **clerk is directed to terminate** Bartholomew County Jail, Elliott, Mathis, Munn, Oldham, Pitcher, and Turner as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Defendant Lane in the manner specified by Rule 4(d). Process shall consist of the complaint filed on August 6, 2026, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

Additionally, the Court takes notice that the Court's last order was returned as undeliverable since Vincent is no longer at the address listed on the docket. Dkt. 16. The Court notified Vincent of his obligation to update the Court with any address changes, including discharge from custody. Dkt. 4. Accordingly, Vincent is **ORDERED** to update his address by **November 6, 2026**.

If Vincent fails to meet the above deadline, **this action will dismissed** for failure to prosecute without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 10/9/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

JOSEPH VINCENT
1314 Lafayette Ave
Apt. 4
Columbus, IN 47201

SHERIFF CHRIS LANE
BARTHOLOMEW COUNTY JAIL
543 2nd St.
Columbus, IN 47201